1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINCOLN LANE ADDLEMAN JR. et al., <br><br>    Plaintiffs, <br><br> v. <br><br> KING COUNTY et al., <br><br>    Defendants. | CASE NO. 2:23-cv-00286 <br><br> ORDER |

This matter comes before the Court on Plaintiff Lincoln Lane Addleman, Jr.'s "Rule 12 Motion to Appoint Counsel at Public Expense." Dkts. ## 19, 20.  The motion is noted for May 5, 2023, but no defendants have appeared in the matter thus far, and there is no reason for the Court to wait further to rule on it.

Plaintiff, proceeding pro se and *in forma pauperis*, brings this civil rights action.  Dkts. ## 6, 7.  "In proceedings *in forma pauperis*, the district court 'may request an attorney to represent any person unable to afford counsel.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(1)).  Deciding whether to appoint such counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of

ORDER - 1

exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate their claims pro se given the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff has not shown that any exceptional circumstances exist for the appointment of counsel. Up until this point, Plaintiff has not established an inability to articulate the bases of his claims without the assistance of counsel. *See Agyeman*, 390 F.3d at 1103. And the legal issues presented here, though not fully defined or clear at this point, do not appear to be particularly complex. *See id.* Further, any inability to obtain counsel because of cost or lack of availability is not an exceptional circumstance requiring the appointment of counsel. *See Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1998). Plaintiff has likewise not demonstrated a likelihood of success on the merits. And at this early stage of litigation, the record is not sufficiently developed for the Court to make such a determination.

This case does not, at this time, present the requisite extraordinary circumstances for the appointment of counsel. The Court DENIES Plaintiff's motion without prejudice. Plaintiffs may renew this motion later in the proceedings if exceptional circumstances warrant the appointment of counsel.

Dated this 24th day of April, 2023.

John H. Chun
United States District Judge

ORDER - 2