UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINCOLN LANE ADDLEMAN JR. et al., | CASE NO. 2:23-cv-00286 |
| Plaintiffs, | ORDER DISMISSING COMPLAINT |
| v. | |
| KING COUNTY et al., | |
| Defendants. | |

This matter comes before the Court sua sponte to address deficiencies with Plaintiffs' complaint.

Plaintiffs, proceeding pro se and *in forma pauperis*, filed their complaint on March 6, 2023. Dkts. ## 6, 7. Their complaint uses select pages from a court-provided Complaint for Violation of Civil Rights form. *See* Dkt. # 7. The complaint names 24 defendants, and it includes a basis for jurisdiction. *Id.* at 2–9, 11. The complaint does not include a description of Plaintiffs' claims, the factual allegations supporting their claims, or a demand for relief. *See generally id.* Attached to the complaint is a document titled "Clarification of Litigious Activities," that includes more information (hereafter "Complaint Attachment"). Dkt. # 7-1. The Complaint Attachment states that Plaintiffs bring claims under 42 U.S.C. § 1983, the All

ORDER DISMISSING COMPLAINT - 1

Writs Act, several Revised Code of Washington provisions, and the United States Constitution. Dkt. # 7-1 at 19–23. Pages 13 through 38 of the Complaint Attachment describe the factual allegations involving the named Defendants. *Id.* at 13–38. Plaintiffs' demand for relief states: "Stop rewarding bad faith behaviors and constitution[al] violations with federal grant money. This just requires a declaratory judgment." *Id.* at 39. Elsewhere Plaintiffs request money damages and other alternative forms of relief. *See id.* at 40.

On April 27, 2023, the Court ruled on Plaintiffs' motion (Dkt. # 22), construing it as one for voluntary dismissal under Federal Rule of Civil Procedure 41(a). Dkt. # 23 at 1. The Court dismissed without prejudice all claims against these Defendants: Ron Bishop, Nathan Bishop, Kirk Patterson, Aldridge Pite LLP, Perkins Coie LLP, and Ofunne Edozeim. *Id.* at 2. On May 5, 2023, Plaintiffs filed on the docket 21 summonses. Dkt. # 24. Three were for individuals not named in Plaintiffs' complaint: "Michelle 74940," Kyle Tull, and "E.M.W." *Id.* at 19–21.

The Court liberally construes pleadings filed by pro se litigants and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But pro se "pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Accordingly, district courts should "not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

The Court has examined Plaintiffs' documents filed at Dkts. ## 7 and 7-1, to which the Court collectively refers as their complaint, and finds that it does not meet the requirements of

Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief," and "a demand for the relief sought."  Fed. R. Civ. P. 8(a).  Plaintiffs' complaint does not include a short and plain statement of their claims.  It is unclear which claims pertain to which Defendants.  The Court is also uncertain as to which factual allegations correlate with which claims.  And many allegations involve individuals or entities who are no longer Defendants in this case.  *See* Dkt. # 23 (order dismissing claims against six Defendants).  The Court would also appreciate if Plaintiffs clarified which forms of relief they seek.

The Court believes this case will be best served by Plaintiffs filing a proper amended complaint containing all of Plaintiffs' revisions in one document.  The Court therefore dismisses without prejudice Plaintiffs' complaint (Dkt. # 7) and grants Plaintiffs leave to file an amended complaint.  Plaintiffs must title the document "First Amended Complaint."  The First Amended Complaint must include: (1) a short and plain statement of the grounds for the Court's jurisdiction; (2) a short and plain statement of the specific legal claims being raised; and (3) a demand for the relief sought.  *See* Fed. R. Civ. Proc. 8.  Plaintiffs must include all anticipated Defendants and identify which claims pertain to which Defendants.  The Court strongly urges Plaintiffs to review the resources for pro se litigants available at: https://www.wawd.uscourts.gov/representing-yourself-pro-se.  The Court also encourages Plaintiffs to review the template forms available at: https://www.wawd.uscourts.gov/court-forms#Pro% 20Se.  Plaintiffs must file their First Amended Complaint by no later than May 22, 2023.  Plaintiffs' failure to file a First Amended Complaint that conforms to Federal Rule of Civil Procedure 8(a) may affect the status of this case, including dismissal without prejudice of the action.

ORDER DISMISSING COMPLAINT - 3

Based on the above, the Court ORDERS that:

1. Plaintiffs' complaint filed at Dkt. # 7 is DISMISSED WITHOUT PREJUDICE.

2. Plaintiffs are GRANTED leave to file a First Amended Complaint **within fourteen (14) days** of the date of this Order or by **no later than May 22, 2023**.

Dated this 8th day of May, 2023.

*John H. Chun*
John H. Chun
United States District Judge