UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINCOLN LANE ADDLEMAN JR. et al., <br><br> Plaintiffs, <br><br> v. <br><br> KING COUNTY et al., <br><br> Defendants. | CASE NO. 2:23-cv-00286 <br><br> ORDER DISMISSING FIRST AMENDED COMPLAINT |

This matter comes before the Court on Plaintiffs' two motions requesting service (Dkt. ## 28, 35) and to address, sua sponte, deficiencies with Plaintiffs' First Amended Complaint (Dkt. # 30). Plaintiffs' second motion requesting service is noted for June 23, 2023, but no defendants have appeared in the matter thus far, and there is no reason for the Court to wait further to rule on it.

A.   First Amended Complaint

On March 6, 2023, Plaintiffs, proceeding pro se and *in forma pauperis* (IFP), filed their initial complaint. Dkt. ## 6, 7. On May 8, 2023, the Court dismissed Plaintiffs' complaint without prejudice because it did not meet the requirements of Federal Rule of Civil Procedure

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

8(a).  Dkt. # 26.  The Court granted Plaintiffs leave to file a First Amended Complain (FAC) within 14 days.  *Id.* at 4.  On May 22, 2023, Plaintiffs timely filed their FAC.  Dkt. # 30.

The Court liberally construes pleadings filed by pro se litigants and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  That said, "courts should not have to serve as advocates for pro se litigants." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  District courts should "not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).  Pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

As before with their initial complaint, the Court has examined Plaintiffs' FAC and again finds that it does not meet the requirements of Federal Rule of Civil Procedure 8(a).  A complaint must contain, among other things, "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  The FAC does not include a short and plain statement of Plaintiffs' claims.  From the way the FAC is organized, it seems like Plaintiffs bring four claims under 42 U.S.C. § 1983 against different groups of defendants.  Dkt. # 30 at 3–16 (describing four "federal questions").  The Court has struggled to comprehend each of Plaintiffs' claims.  *See id.*  For example, "Federal Question #1" asks whether five defendants "may adopt within their official capacity under state law an unofficial policy, custom or practice of vigilantism as described within the Kitsap Daily News."  *Id.* at 3.  This purported claim includes a range of factual allegations that are difficult to follow, quotations to news articles that do not

appear to bear on Plaintiffs' allegations, citations to exhibits that are not attached to the FAC, and vague references to the U.S. Constitution and various Revised Code of Washington provisions. *Id.* at 3–7. For claims two through four, Plaintiffs' allegations are just as difficult to decipher, and the exact contours of their § 1983 claims remain unclear.[1] *Id.* at 7–16. While the Court is aware of its obligation to liberally construe the pleadings of pro se litigants, it is also mindful of the requirement that pleadings contain sufficient detail to give defendants notice of the claims against them. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

The Court emphasizes that Federal Rule of Civil Procedure 8(a)(2) requires a complaint to be "short and plain." Fed. R. Civ. P. 8(a)(2). And the Court cautions that it expects

---

[1] "Federal Question #2" states:
Did the City of Burien have authority to waive the Burien Municipal Code (BMC), Chapter 10.11, regarding inoperable and unlicensed vehicles connected to sewer line fed into trench detective LuChau had filed 08/25/2015 Citizen Action Request, create unofficial custom, policy, or practice to permit burial of a sewer line just inches beneath a permitted water line for six (6) year, showing up at 312 S. 128th Street, Burien, Washington, 98168-2660, to remove tenants from property after WRIT had been VOIDED 05/01/2021, walked entire 312 Easement, disregard visible sewer pipe six (6) off ground under each inoperable and unlicensed vehicle containing an occupant, having no rental, lease, or contract agreement with the property owner U.S. Bank Trust, no legal right to remain upon the property which they littered with piles of debris, allowed infestation of garbage rates, without reporting possible contamination of the water table, nearby wet lands, Lake Arbor, prevent an EPA impact statement even when inoperable and unlicensed vehicles 11/01/2021 disconnected, while claiming that city of Burien attorney had to be contacted about undetectable property survey line, where City of Attorney with Kastner Williams, Adam L. Rosenberg, made decision NOT TO EVICT (writing "no further action would be taken by the City of Burien["]) thus honoring the verbal contract made by King County with Level III pedophile, rapist, kidnapper 05/01/2020, which VOIDED the WRIT OF RESTITUTION (Residential), and where it's highly predictable sewer line was left in ground even though Photo received through Public Disclosure 03/23/2023 from City of Burien showing ten (10) foot lengths of sewer pipe used by Jim Champion to connect his Dreamer Canopy to Burien Sewer Department stacked on end 06/29/2020 in Burien photo.
Dkt. # 30 at 7–8.

ORDER DISMISSING FIRST AMENDED COMPLAINT - 3

compliance with the applicable law and procedural rules, including the Federal Rules of Civil Procedure. But recognizing that pro se litigants are "far more prone to making errors in pleading than the person who benefits from the representation of counsel," *Noll*, 809 F.2d at 1448, the Court will grant Plaintiffs a final opportunity to address their complaint's deficiencies. The Court therefore dismisses without prejudice Plaintiffs' FAC (Dkt. # 30) and grants Plaintiffs leave to file an amended complaint, which shall be titled "Second Amended Complaint." The Second Amended Complaint must include: (1) a short and plain statement of the grounds for the Court's jurisdiction; (2) **a short and plain statement of the specific legal claims being raised**; and (3) a demand for the relief sought. *See* Fed. R. Civ. Proc. 8. Again, Plaintiffs must include all anticipated defendants and identify which claims pertain to which defendants. As before, the Court urges Plaintiffs to consult the Court's online resources available for pro se litigants.[2] Plaintiffs must file their Second Amended Complaint by no later than June 15, 2023. Plaintiffs' failure to file a Second Amended Complaint that conforms to Federal Rule of Civil Procedure 8(a) may affect the status of this case, including dismissal of the action.

B.      Motions Requesting Service

When an IFP plaintiff so requests, "the officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Federal Rule of Civil Procedure 4(c)(3) further provides, "[a]t the plaintiff's request the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed [IFP]." Fed. R. Civ. P. 4(c)(3). *See Boudette v. Barnette*, 923

---

[2] As provided in the Court's prior order (Dkt. # 26), Plaintiffs may access those resources here: https://www.wawd.uscourts.gov/representing-yourself-pro-se; https://www.wawd.uscourts.gov/court-forms#Pro%20Se.

ORDER DISMISSING FIRST AMENDED COMPLAINT - 4

F.2d 754, 757 (9th Cir. 1991) ("[A]n IFP plaintiff must request service of the summons and complaint by court officers before the officers will be responsible for effecting such service.").

In their first motion requesting service, Plaintiffs ask the Court to issue summons and a copy of their complaint for 18 defendants. Dkt. # 28 at 1–3. Plaintiffs filed this motion three days after the Court dismissed Plaintiffs' original complaint. *See* Dkt. ## 26, 28. The FAC names 11 defendants. Dkt. # 30 at 1–2. The 18 individuals and entities named in Plaintiffs' motion do not match the 11 defendants named in the FAC. *Compare* Dkt. # 28, *with* Dkt. # 30. And the 11 defendants listed in Plaintiffs' second motion requesting service do not completely correspond with the defendants named in the FAC. *Compare* Dkt. # 30 (identifies Michael LuChau and Barbara Canfield as defendants), *with* Dkt. # 30 (does not mention Mr. LuChau or Ms. Canfield). It is also unclear whether Plaintiffs will modify their group of defendants if Plaintiffs submit a Second Amended Complaint. Finding that it would be premature to instruct the court officers to issue and serve process when the group of defendants may still change, the Court denies without prejudice Plaintiffs' motions requesting service. Dkt. ## 28, 35. Plaintiffs may renew such a motion upon filing a Second Amended Complaint that remedies the above deficiencies identified by the Court.

Based on the above, the Court ORDERS that:

1. Plaintiffs' First Amended Complaint is DISMISSED WITHOUT PREJUDICE. Dkt. # 30.

2. Plaintiffs are GRANTED leave to file a Second Amended Complaint **within fourteen (14) days** of the date of this Order or by **no later than June 15, 2023**.

3. Plaintiffs' motions requesting service are DENIED WITHOUT PREJUDICE. Dkt. ## 28, 35.

/

ORDER DISMISSING FIRST AMENDED COMPLAINT - 5

Dated this 1st day of June, 2023.

*John H. Chun*
John H. Chun
United States District Judge