UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINCOLN LANE ADDLEMAN, JR., MELVIN LYLE MCCLINTOCK, VINCENT AVI STORMFELT, and SHARI LYNN HANSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>KING COUNTY; MITIZI G. JOHANKNECHT, Former Sheriff; CITY OF BURIEN; PATTI COLE-TINDALL, Current Sheriff; KING COUNTY SEX OFFENDER UNIT; KING COUNTY SHERIFF'S OFFICE; EVA CUNIO, Supervisor Civil Unit; P. ("Pierre") THIRY, Detective; City of Burien Code Enforcement Officer, BARBARA CANFIELD; King County Detective MICHAEL W. LuCHAU; King County Detective JANETTE LUITGAARDEN; King County Registering Officer, E.M.W.; and King County Registering Officer, Michelle #74940,<br><br>Defendants. | No. 2:23-cv-00286-JHC<br><br>ORDER GRANTING KING COUNTY DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) |

# I

### INTRODUCTION

This matter comes before the Court on King County Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. # 58. The Court has reviewed: the materials submitted in support of, and in opposition to, the motion; pertinent portions of the

ORDER GRANTING KING COUNTY
DEFENDANTS' MOTION TO DISMISS PURSUANT
TO RULE 12(b)(6) (2:23-cv-00286-JHC) - 1

record; and the applicable law. Being fully advised, the Court DISMISSES claims against the King County Defendants for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). The Court also DISMISSES Plaintiffs' Second Amended Complaint ("SAC") against all Defendants for failure to abide by a prior court order. Fed. R. Civ. P. 41(b).

## II

### BACKGROUND

This action was brought by Plaintiffs Lincoln Lane Addleman, Jr., Melvin Lyle McClintock, Vincent Avi Stormfelt, and Shari Lynn Hansen. Dkt. # 38. Plaintiffs filed their SAC on June 15, 2023, and are bringing claims against all defendants under 42 U.S.C. § 1983 for alleged violations of several constitutional rights arising out of various events. *See, generally Id.*

Plaintiffs filed their original complaint on March 1, 2023. Dkt. # 7. The Court dismissed that complaint without prejudice and granted plaintiffs leave to file a First Amended Complaint ("FAC") that met the requirements of Federal Rule of Civil Procedure 8(a). Dkt. # 26. Plaintiffs filed their FAC on May 22, 2023. Dkt. # 30. The Court dismissed that complaint without prejudice and granted Plaintiffs leave to file a SAC, again instructing Plaintiffs to meet the requirements of Rule 8(a). Dkt. # 37. The Court explicitly told Plaintiffs that this would be their "final opportunity to address their complaint's deficiencies." *Id.* at 4. Plaintiffs filed their SAC on June 15, 2023. Dkt. # 38.

Plaintiffs list twelve defendants in their SAC. Dkt. # 38 at 1–2. King County; former Sheriff Mitzi G. Johanknecht; Sheriff Patti Cole-Tindal; King County Sex Offender Unit; King County Sherriff's Office; King County Sherriff's Office Supervisor, Eva Cunio; Detective Michael W. LuChau; Detective Pierre Thiry; Registering Officer E.M.W.; and Registering Officer – Michelle 74940 ("King County Defendants") move to dismiss under Rule 12(b)(6). Dkt. # 58.

Plaintiffs filed a response on September 7, 2023.  Dkt. # 62.  While this response is titled as a response to the "Motion for Summary Judgment," the contents appear to respond, in part, to County Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Id.*  Plaintiffs' response also includes additional allegations that King County and the Washington Association of Sheriff's & Police Chiefs "decided to destroy evidence" while this Case was active.  *Id.*  On September 22, 2023, Plaintiffs filed an Exhibit of their tort claim against the state of Washington regarding this alleged destruction of evidence.  Dkt. # 70.  Because it is procedurally improper for this Court to consider the additional allegations raised by Plaintiffs in their response brief, and the exhibits filed corresponding to those allegations, in this order the Court focuses solely on the SAC.  The King County Defendants replied to Plaintiffs' response on September 22, 2023.  Dkt. # 68.

### III

#### Plaintiffs' Claims

Notwithstanding the SAC, the Court still finds it difficult to understand many claims brought by Plaintiffs and against whom each claim is brought.  The Court, to the best of its ability, understands Plaintiffs to be claiming that:

1. Defendants Patti Cole-Tindall and Mitzi G. Johanknecht, in their official capacities, violated Article 1, § 10 of the federal Constitution, which prohibits states from passing any laws that apply ex post facto.  Dkt. # 38 at 4.  Plaintiffs also appear to raise a Fourteenth Amendment substantive due process claim against these Defendants.  Dkt. # 38 at 4–5.

2. Defendants Registering Officer E.M.W. and Michael W. LuChau, in their personal capacities, "sought a vigilante executioner." Dkt. # 38 at 4.  It is unclear what specific constitutional violation these Defendants allegedly committed.  Dkt. # 38 at 4–5.

3. Defendants King County Sheriff's Office, Eva Cunio, and Mitzi G. Johanknecht, in their official capacities; and Defendant Pierre Thiry in his personal capacity, "used practice, custom, policy […] in violation of the separation of powers

doctrine." Dkt. # 38 at 5. It is unclear what specific constitutional violation these Defendants allegedly committed. Dkt. # 38 at 5.

4. Defendant Pierre Thiry's posting of an RCW 9A.52.080 Criminal Trespass 911 Warning led to violations of Plaintiff Addleman's First, Fifth, and Fourteenth Amendment Due Process and Equal Protection rights. Dkt. # 38 at 6. In this same paragraph, Plaintiffs claim that Defendant Registering Officer Michelle – 74940 released Plaintiff Addleman's exact address which resulted in "vigilante destroying his vehicle." Dkt. # 38 at 6. It is unclear the specific constitutional violation Defendant Registering Officer Michelle – 74940 allegedly committed. Dkt. # 38 at 6.

5. Defendants King County, City of Burien, and King County Sex Offender Unit; and Defendant Michael W. LuChau in their personal capacity, deprived Plaintiffs Hansen and Stormfelt's privacy rights and rights under the First, Fourth, Fifth, and Fourteenth Amendment due to County policy. Dkt. # 38 at 7.[1]

6. Defendants King County and City of Burien, "per custom, practice, or policy, did not report an illegal sewer pipe six (6) inches above ground, being disconnected in 2021, and left buried in ground[.]" Dkt. # 38 at 7. Plaintiffs do not state which Plaintiffs these alternate statements apply to, nor is it clear what constitutional violations were allegedly committed. Dkt. # 38 at 7.

7. Defendants King County and City of Burien violated Plaintiffs' Hansen and Stormfelt's Fourteenth Amendment rights, by custom, practice, or policy, for not including the sex offender registration of "suspected pedophile Robert Ardell Leavitt, Jr." Dkt. # 38 at 8.

8. Defendant King County violated Plaintiffs Addleman, Hansen, Stormfelt, and/or McClintock's, Fourteenth Amendment Equal Protection and Substantive Due Process Rights, by practice, custom, or policy. Dkt. # 38 at 8. It is unclear what actions led to the alleged constitutional violations. Dkt. # 38 at 8.

---

[1] Dkt. # 38 at 7, line 20–line 29, outlines "Rule 8(d) Alternate Statements." Plaintiffs do not state which Defendants these alternate statements apply to, nor is it clear what specific constitutional violations were allegedly committed. Dkt. # 38 at 7. The Court understands these pleadings not as "alternate statements" but attempts by Plaintiffs to provide facts to support their preceding claims.

ORDER GRANTING KING COUNTY
DEFENDANTS' MOTION TO DISMISS PURSUANT
TO RULE 12(b)(6) (2:23-cv-00286-JHC) - 4

Also, Plaintiffs assert a claim against Defendant City of Burien.  Dkt. # 38 at 8.  However, it is unclear what specific constitutional violation[s] were allegedly committed.  Dkt. # 38 at 9.[2]

## IV

### DISCUSSION

A. The King County Sheriff's Office and the King County Sex Offender Unit are not Legal Entities that can be Sued.

Under Washington law, when a legal action involves a county, "the county itself is the only legal entity capable of suing and being sued." *Broyles v. Thursdton County*, 195 P.3d 985, 994 (Wash. Ct. App. 2008) (citing *Nolan v. Snohomish County*, 802 P.2d 792 (Wash. Ct. App. 1990)).  To determine whether a public entity may be sued, the court must look to the "enactment providing for its establishment." *Roth v. Drainage Imp. Dist. No. 5, of Clark Cnty.*, 392 P.2d 1012, 1014 (Wash. Ct. App. 1964).

The King County Sheriff's Office is established by RCW 36.28, and the duties, powers, and functions of the office are outlined in this chapter.  *See* RCW 36.28.  The King County Sex Offender Unit is a function of the Sheriff's Office.  *See* RCW 9A.44.130 (outlines the registration process for sex offenders with the county sheriff's office).  Nothing in this chapter allows the Sheriff's Office to sue or be sued.  By contrast, the Washington state legislature has specifically provided that counties have capacity to sue and be sued.  RCW 36.01.010 ("The several counties in this state shall have capacity as bodies corporate, to sue and be sued in the manner prescribed by law[.]"); *e.g.*, *Foothills Dev. Co. v. Clark Cnty. Bd. of Cnty. Com'rs*, 730 P.2d 1369, 1374 (Wash. Ct. App. 1986).  Therefore, any claims against the King County

---

[2] Because the Motion to Dismiss was filed by only the King County Defendants, the Court does not address claims brought against Defendants City of Burien or Barbara Canfield in the Rule 12(b)(6) analysis.

ORDER GRANTING KING COUNTY
DEFENDANTS' MOTION TO DISMISS PURSUANT
TO RULE 12(b)(6) (2:23-cv-00286-JHC) - 5

Sheriff's Office and the King County Sex Offender Unit, a component of the Sheriff's Office, are DISMISSED as these entities cannot be sued under Washington law.

B.     Plaintiffs' Remaining Claims Against the King County Defendants are Dismissed Under Rule 12(b)(6) for Failure to State a Claim.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983. Therefore, to sustain a claim under Section 1983, Plaintiffs must show that (1) a right secured by the United States Constitution or United States Law was violated and (2) that the violation was committed by a person acting under the color of State Law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Rule 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court may dismiss a complaint under Rule 12(b)(6) that lacks a "cognizable legal theory" or fails to allege "sufficient facts" under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Because Plaintiffs are pro se, the Court must construe their pleadings liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

But pro se pleadings still "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

    1.    Plaintiffs do not State Article 1, Section 10 Ex Post Facto or Fourteenth Amendment Due Process claims against Defendants Patti Cole-Tindall and Mitzi G. Johanknecht.

Article 1, Section 10 of the United States Constitution prohibits the retroactive increase of criminal punishment. *Calder v. Bull*, 3 U.S. 386, 390–91 (1798). The Due Process Clause of the Fourteenth Amendment provides that a State may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The Supreme Court has held that the clause guarantees not only fair process but also certain substantive rights." *Peck v. Montoya*, 51 F.4th 877, 892 (9th Cir. 2022) (citing *Washington v. Glucksberg*, 521 U.S. 702, 719 (1997)).

Plaintiffs state that Plaintiff Addleman "was told at guilty plea December 7, 1978, max sentence would be '15 years[]'" and that Defendant Patti Cole-Tindall's announcement "that Addleman has 'Release Date: 09/25/2014" for 1978 Utah Conviction'" was a violation of Article 1, Section 10. Dkt. # 38 at 4. Plaintiffs have not pleaded any factual content for this Court to infer that Defendant Patti Cole-Tindal decided or allegedly modified Plaintiff Addleman's release date. Similarly, Plaintiffs state that Defendant Mitzi G. Johnanknecht "more than doubled" Plaintiff Addleman's sentence "by giving it a '09/25/2014' Release Date after the maximum expired 08/04/1988" in violation of Article 1, Section 10. Again, Plaintiffs have not pleaded any factual content for this Court to infer that Defendant Mitzi G. Johnanknecht decided or allegedly modified Plaintiff Addleman's release date. Plaintiffs also do not allege how either of these Defendants would have such power. Nor have Plaintiffs pleaded factual content that, if taken as true, would show that Defendants Patti Cole-Tindall and Mitzi G. Johanknecht

interfered with Plaintiffs' substantive rights.  Therefore, these claims against Defendants Patti Cole-Tindall and Mitzi G. Johanknecht are DISMISSED for failure to state a claim upon which relief can be granted.

      2.      Plaintiffs do not state a claim against Defendants Registering Officer E.M.W. or Detective Michael W. LuChau.

Plaintiffs claim that Defendants Registering Officer E.M.W. and Detective Michael W. LuChau "sought a vigilante executioner by releasing Addleman's former 'exact address' from Registry Website[.]" Dkt. # 38 at 4–5.  Plaintiffs appear to claim that this action violated RCW 4.24.550.  *Id.* at 5.  While Plaintiffs do not explicitly state this in their complaint, they seem to contend that the release of Plaintiff Addleman's address violated RCW 4.24.550(5)(a)(i) which requires listing addresses of level III offenders "by hundred block."  Plaintiffs' allegation is contradicted by Exhibit KCA-001 filed by Plaintiffs which lists Plaintiff Addleman's address as "10800 block of Rainer Ave S."  *Id.* at 13.  Plaintiffs' claim that Defendants Registering Officer E.M.W. and Detective Michael W. LuChau released Plaintiff Addleman's "exact address" is not supported by the exhibits submitted by Plaintiff.  Plaintiffs have not pleaded any factual content for this Court to infer that Defendants Registering Officer E.M.W. and Detective Michael W. LuChau committed a wrongful act resulting in a constitutional violation.  Therefore, these claims against Defendants Registering Officer E.M.W. and Detective Michael W. LuChau are DISMISSED for failure to state a claim upon which relief can be granted.

      3.      Plaintiffs do not state a claim against Defendants Eva Cunio, Mitzi G. Johanknecht, and Pierre Thiry.

Plaintiffs claim that Defendants Eva Cunio and Mitzi G. Johanknecht, "used practice, custom, policy" to have Defendant Pierre Thiry "enter into verbal contract with Level III sex offender Addleman, which voided the writ of restitution in violation of the separation of powers doctrine." Dkt. # 38 at 5.  Plaintiffs do not identify what practice, custom, or policy they are

referring to.  Plaintiffs have not pleaded any factual content for this Court to infer that Defendants Eva Cunio, Mitzi G. Johanknecht, and Pierre Thiry committed a constitutional violation for this conduct.  Therefore, this claim against Defendants Eva Cunio, Mitzi G. Johanknecht, and Pierre Thiry is DISMISSED for failure to state a claim upon which relief can be granted.

        4.      Plaintiffs do not state First, Fifth, or Fourteenth Amendment Due Process and Equal Protection claims against Defendant Detective Pierre Thiry.

Plaintiffs claim that Defendant Pierre Thiry violated the First, Fifth, and Fourteenth Amendment when Defendant posted an RCW 9A.52.080 Criminal Trespass 911 Warning.  Dkt. # 38 at 6.  It is unclear whose First, Fifth, and Fourteenth Amendment Due Process and Equal Protection rights Defendant violated.

Following these claims of constitutional violations, Plaintiffs provide several "Rule 8(d) Alternate Statements" which discuss various facts, including supposed "abandoned property" that had been found, the alleged permission of a "fugitive suspect" to use a house as a "hide-out," an apparent "stash house" where stolen property was kept, and reports of "vigilantes" "terrorizing the community […] with impunity."  Dkt. # 38 at 6.  It is unclear, as Plaintiffs do not explain, how these activities relate to allegations against, or conduct done by Detective Pierre Thiry.

The First Amendment's freedom of speech, press, assembly, and petition and the free exercise and establishment of religion are rights applicable to the states through the Fourteenth Amendment.  *See Duncan v. State of La.*, 391 U.S. 145, 148 (1968).  To state a claim under the First Amendment against Defendant Detective Pierre Thiry, Plaintiffs must provide facts in their complaint which, if taken as true, state a claim under the First Amendment.  Plaintiffs have not pleaded any factual content for this Court to infer that their freedom of speech, press, assembly,

or petition nor their free exercise and establishment of religion have been impeded by Detective Pierre Thiry's actions.  Dkt. # 38 at 6.

Plaintiffs also allege violations of the Fourteenth Amendment due process and equal protection clauses.  Dkt. # 38 at 6.

The Fourteenth Amendment due process clause includes two possible claims: a procedural due process claim and a substantive due process claim.  *See Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–95 (1989)).  It is unclear under which Due Process prong Plaintiffs allege a violation occurred.  Even so, Plaintiffs have not pleaded any factual content for this Court to infer that their procedural or due process claims were violated by the actions of Defendant Detective Pierre Thiry.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (internal quotation omitted) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432 (1985)).  "To state a claim under 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee*, 250 F.3d at 686 (internal quotation omitted). Plaintiffs have not provided facts indicating what protected class the plaintiff or plaintiffs are members of, nor have they provided facts which, if taken as true, suggest Defendant Detective Pierre Thiry acted with an intent or purpose to discriminate based on this unnamed protected class.

Finally, Plaintiffs allege a Fifth Amendment violation against Defendant Detective Pierre Thiry.  Dkt. # 38 at 6.  The rights against self-incrimination and arbitrary taking of private property without due compensation within the Fifth Amendment have been incorporated to the states through the Fourteenth Amendment.  *See Duncan*, 391 U.S. at 148.  It is unclear what aspect of the Fifth Amendment Plaintiffs allege were violated; but even with the most generous reading, the complaint fails to plead facts that allege any Fifth Amendment violation resulting from Defendant Detective Pierre Thiry's actions.

Plaintiffs have not pleaded any factual content for this Court to infer that Defendant Detective Pierre Thiry violated Plaintiffs First, Fifth, or Fourteenth Amendment rights.  Therefore, these claims against Defendant Detective Pierre Thiry are DISMISSED for failure to state a claim upon which relief can be granted.

     5.     Plaintiffs do not state a claim against Defendant Registering Officer Michelle – 74940.

Plaintiffs state that "Addleman put in a change of registration with defendant Registering Officer Michelle – 74940," [Exhibit KCA-004] who released his "exact address" 10/25/2021 that resulted in vigilante destroying his vehicle 03/05/2023.  [Police report filed]."  Dkt. # 38 at 6.  Plaintiff Addleman appears to contest Defendant Registering Office Michelle – 74940's listing of his specific address, rather than his address by the hundred block as outlined in RCW 4.24.550.  *Id.* at 16.  But this does not amount to factual content pleaded for this Court to infer that Defendant Officer Michelle – 74940 violated one of Plaintiff Addleman's constitutional rights.  Plaintiffs do not plead facts which connect Defendant Registering Officer Michelle – 74940's change of registration filing with Plaintiff Addleman's vehicle being allegedly destroyed by a "vigilante."  *Id.*  "[A] plaintiff's obligation to provide the grounds of [their] entitlement to relief requires more than labels and conclusions[.]"  *Bell Atl. Corp.*, 550 U.S. at 554.  A motion

to dismiss may be granted when there is a lack of a cognizable legal theory or absence of sufficient facts to support a cognizable legal theory. *Balistreri*, 901 F.2d at 699.

The claim against Defendant Registering Officer Michelle – 74940 is followed by several "Rule 8(d) Alternate Statements" which discuss various facts. Dkt. # 38 at 6. The Court cannot determine, and Plaintiffs do not explain, how these activities relate to allegations against, or conduct done by Defendant Registering Officer Michelle – 74940. Therefore, these claims against Defendant Registering Officer Michelle – 74940 are DISMISSED for failure to state a claim upon which relief can be granted.

    6.     Plaintiffs do not state First, Fourth, Fifth, or Fourteenth Amendment claims or a privacy claim against Defendant Detective Michael W. LuChau.

Because the Court struggles to understand Plaintiffs' factual allegations, it copies Plaintiffs allegations here. Plaintiffs assert:

> Grievance officer Robert Hansen claims King County did not do anything wrong, but King County went along with a verbal contract made with a Level III pedophile, rapist, kidnapper, and honored that verbal contract for twenty (20) months to shock and utter dismay of ADA prior rape victims Shari Lynn Hansen and Vincent Avi Stormfelt [two plaintiffs in this case] while depriving both Hansen and Stormfelt a fundamental right to privacy under the First, Fourth, Fifth, and Fourteenth Amendment due to County policy.

Dkt. # 38 at 7. Nothing in this statement illustrates the allegedly wrongful conduct in which Defendant Detective Michael W. LuChau engaged. Plaintiffs provide two "Rule 8(d) Alternate Statements" following this initial allegation, which appear to be attempts by Plaintiffs to provide facts to support their preceding claims. *Id.* However, the only facts provided about actions taken by Defendant Detective Michael W. LuChau exists at Dkt. # 38 at 7 lines 23–28: "[D]etective LuChau (2015-2021), visiting 312 property 23 more times never reported exposed sewer pipe […] No EPA impact study (09/01/2015 to current date) on water line and sewer line in same

trench reported by detective LuChau 08-25-2015; [Exhibit KCA-091 08/25/2015] went unattended for six (6) years[.]"

The legal standards to state a claim under the First, Fifth, and Fourteenth Amendments are outlined above. *See supra* at p. 10 (First Amendment), 11 (Fifth Amendment), 10–11 (Fourteenth Amendment). The Fourth Amendment rights to be free from unreasonable searches and seizures and to have excluded from criminal trials any evidence illegally seized is incorporated to the states through the Fourteenth Amendment. *Duncan*, 391 U.S. at 148.

Plaintiffs have pleaded no facts for this Court to infer that Plaintiffs' rights under the First, Fourth, Fifth, or Fourteenth Amendment were violated by Defendant Detective Michael W. LuChau's described actions. Nor have Plaintiffs provided facts to illustrate what privacy rights were violated. Therefore, these claims against Defendant Detective Michael W. LuChau are DISMISSED for failure to state a claim upon which relief can be granted.

    7.    Plaintiffs do not State *Monell* claims against King County for a practice, custom, or policy that led to alleged Constitutional violations.

Plaintiffs assert several claims against Defendant King County. Plaintiffs allege that Defendant King County: (1) deprived Plaintiffs Hansen and Stormfelt's privacy rights and rights under the First, Fourth, Fifth, and Fourteenth Amendment, Dkt. # 38 at 7; (2) "per custom, practice, or policy, did not report an illegal sewer pipe six inches above ground, being disconnected in 2021, and left buried in ground," Dkt. # 38 at 7; (3) violated Plaintiffs Hansen and Stormfelt's Fourteenth Amendment rights, by custom, practice, or policy, for not including the sex offender registration of "suspected pedophile Robert Ardell Leavitt, Jr.," Dkt. # 38 at 8; and (4) violated Plaintiffs Addleman, Hansen, Stormfelt, and/or McClintock's Fourteenth Amendment equal protection and substantive due process rights, by practice, custom, or policy[,]" Dkt. # 38 at 8.

1    Section 1983 cannot be read to impose vicarious liability "on governing bodies solely on
2    the basis of the existence of an employer-employee relationship with a tortfeasor." *Monell v.*
3    *Dep't. of Soc. Svcs.*, 436 U.S. 658, 692 (1978); *Connick v. Thompson*, 563 U.S. 51, 60 (2011).
4    "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice,
5    or custom of the entity can be shown to be a moving force behind a violation of constitutional
6    rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S.
7    at 694). Although a constitutional violation must result from "official municipal policy," a
8    county need not expressly adopt the policy. It is sufficient that the constitutional violation
9    occurred pursuant to a "longstanding practice or custom." *Christie v. Iopa*, 176 F.3d 1231, 1235
10   (9th Cir. 1999) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992)). To establish
11   liability against a government entity under *Monell*, a plaintiff must prove "(1) that [the plaintiff]
12   possessed a constitutional right of which [they were] deprived; (2) that the municipality had a
13   policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional
14   right; and (4) that the policy is the moving force behind the constitutional violation." *Dougherty*,
15   654 F.3d at 900 (internal quotation marks omitted).

16   First, as established above, Plaintiffs fail to state a claim that Plaintiffs Hansen and
17   Stormfelt's privacy rights and rights under the First, Fourth, Fifth, and Fourteenth Amendment
18   were violated. *See supra* at p. 12–13. Nor do Plaintiffs identify a policy, practice, or custom
19   held by King County that caused this alleged violation.

20   Second, Plaintiffs state that King County violated their constitutional rights "per custom,
21   practice, or policy" when they "did not report an illegal sewer pipe six inches above ground,
22   being disconnected in 2021, and left buried in ground[.]" Dkt. # 38 at 7. It is unclear which
23   Plaintiffs this allegation refers to and, regardless, Plaintiffs have not pleaded any factual content

ORDER GRANTING KING COUNTY
DEFENDANTS' MOTION TO DISMISS PURSUANT
TO RULE 12(b)(6) (2:23-cv-00286-JHC) - 14

for this Court to conclude that this lack of reporting resulted from King County's custom, practice, or policy or that it resulted in any constitutional violation.

Third, Plaintiffs state that Defendant King County violated Plaintiffs Hansen and Stormfelt's Fourteenth Amendment rights, by custom, practice, or policy, for not including the sex offender registration of "suspected pedophile Robert Ardell Leavitt, Jr." Dkt. # 38 at 8. Plaintiffs allege that King County "invidiously discriminate[d]" under the Fourteenth Amendment "in arbitrarily without any rational basis providing or not providing Web Site notification of sex offenders." *Id.* Plaintiffs do not specify if they are alleging an Equal Protection, Procedural Due Process, or Substantive Due Process Claim. The legal standards for these constitutional violations are stated above. *See supra* at p. 10–11. Plaintiffs have not pleaded any factual content for this Court to draw the conclusion that not providing web site notification of sex offenders violated Plaintiffs' Fourteenth Amendment rights nor that the alleged violations resulted from King County's custom, practice, or policy.

Fourth, Plaintiffs state that King County violated Plaintiffs Addleman, Hansen, Stormfelt, and/or McClintock's Fourteenth Amendment equal protection and substantive due process rights, by practice, custom, or policy. Dkt. # 38 at 8. Plaintiffs refer to several incidents including the County's failure to alert Plaintiffs of the "bagging" of several individuals, the inclusion of true and "exact addresses" of Plaintiffs by the state and federal Clerks office, and the alleged use of a "decoy Web Site to obtain 'grant money' funding issued by Congress to fake 'public notification' while illegals financially supporting cartel 'human trafficking,' Child rape, kidnapping, are not made to register and have address verified every ninety (90) days." *Id.* The legal standards for these constitutional violations are stated above. *See supra* at p. 10–11. Plaintiffs have not pleaded any factual content for this Court to conclude that King County took

any action that resulted in the violation of Plaintiffs Equal Protection or Substantive Due Process rights under the Fourteenth Amendment nor that it was King County's custom, practice, or police that led to this alleged violation.

Because Plaintiffs have failed to provide a "cognizable legal theory" and failed to allege "sufficient facts" under a cognizable legal theory for any of their constitutional claims against King County, they have not established liability against a government entity under *Monell* and their claims against King County are DISMISSED. *Monell*, 436 U.S. at 694.

C.   The Court need not Reach the Question of Qualified Immunity.

The King County Defendants state that Plaintiffs cannot state a claim against the individual defendants because they are entitled to qualified immunity. Dkt. # 58 at 9. To determine the validity of a qualified immunity claim, a court determines "whether the defendants violated a constitutional right and whether the constitutional right was clearly established at the time of the defendants' actions." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 969 (9th Cir. 2010). Because, here, the Court has determined that Plaintiffs have failed to state a claim upon which relief can be granted for their various causes of action against the individual King County defendants, we need not reach the question of qualified immunity. *E.g.*, *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) ("The district court held that because defendants had not violated any of [Plaintiff's] constitutional rights, they were necessarily entitled to qualified immunity. The district court did not need to reach the question of qualified immunity, given its conclusion that defendants had not violated the Constitution.").

D.   The SAC is Dismissed with Prejudice for Failure to Abide by Court Order.

The King County Defendants also assert that this Court should dismiss Plaintiffs' SAC for failure to abide by Rule 8(a). Dkt. # 58 at 3–4. Rule 8(a) requires a pleading stating a claim

for relief to include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" While this Court has concluded above that dismissal is proper under Rule 12(b)(6) for claims against the King County Defendants, the Court also reviews the SAC for failure to abide by Rule 8(a) for all Defendants, including Defendants City of Burien and Barbara Canfield.

Federal Rule of Civil Procedure 41(b) allows a district court to dismiss a complaint with prejudice for failure to abide by Rule 8(a)'s requirements. *See Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008). To comply with Rule 8(a), Plaintiffs "must plead a short and plain statement of the elements of [their] claim, 'identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case.'" *Rodriguez v. Northwest Tr. Services, Inc.*, No. C17-1627-RAJ, 2018 WL 317274, at *1 (W.D. Wash. Jan. 8, 2018) (quoting *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000)). Because "[d]ismissal with prejudice of a complaint under Rule 41(b) is a harsh remedy," this Court must evaluate whether a less drastic alternative is available. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Two considerations a court may take when considering dismissal are (1) whether allowing plaintiffs to replead would be futile and (2) the strength of the plaintiff's case. *Id.*; *Hearns*, 530 F.3d at 1132.

This Court dismissed Plaintiffs' original complaint, Dkt. # 26, and FAC, Dkt. # 37, finding neither complaint met the requirements of Rule 8(a). Dkt. # 26 at 2–3, Dkt. # 37 at 2. The Court granted leave to file a SAC, but advised Plaintiffs that the SAC would be the "final opportunity to address their complaint's deficiencies." Dkt. # 37 at 4. Plaintiffs have an obligation to clearly and concisely state which defendants are liable to which plaintiffs, for which wrongs, and based on evidence. *McHenry*, 84 F.3d at 1178 (A complaint must include

"who is being sued, for what relief, and on what theory, with enough detail to guide discovery."). Even with the repleading done by Plaintiffs in their SAC, Plaintiffs do not state and support with factual allegations what actions each defendant committed that caused the alleged constitutional violation for each plaintiff. The SAC leaves defendants guessing which claims were brought against them and what actions allegedly caused the constitutional violations. Given the multiple opportunities granted to Plaintiffs to correct their pleading deficiencies, and lack of clarity in Plaintiffs' SAC, allowing Plaintiffs to replead for a third time appears futile. *McHenry*, 84 F.3d at 1178; *Hearns*, 530 F.3d at 1132.

This Court has also found that the claims against the King County Defendants, as far as this Court can discern them, fail to state a claim upon which relief can be granted. As discussed above, those claims are dismissed. While this Court has not analyzed the claims under Rule 12(b)(6) for Defendants City of Burien and Barbara Canfield, because several claims dismissed against the King County Defendants were also brought against City of Burien; it is unclear what if any claims are brought against Defendant Barbara Canfield; and most of the claims brought by Plaintiffs are dismissed under 12(b)(6), the weakness of Plaintiffs' SAC supports dismissal under Rule 41(b) for failure to abide by Rule 8(a). *McHenry*, 84 F.3d at 1178; *Hearns*, 530 F.3d at 1132.

For the reasons stated above, the Court DISMISSES Plaintiffs' SAC, Dkt. # 38, with prejudice.

V

CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiffs' claims against the King County Defendants for failure to state a claim upon which relief can be granted under Rule

12(b)(6). The Court also DISMISSES Plaintiffs' SAC, Dkt. # 38, with prejudice for all Defendants for failure to abide by a court order under Rule 41(b).

DATED 23rd day of October, 2023.

_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

ORDER GRANTING KING COUNTY DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (2:23-cv-00286-JHC) - 19